IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POLARTEC, LLC                              :
                                           :
    v.                                     :   Civil No. CCB-07-2396
                                           :
180s, LLC                                  :

## MEMORANDUM

Now pending is the defendant 180s, LLC's motion to exclude documents POL001773 to POL002027.  The motion has been fully briefed, and no oral argument is necessary.  For the reasons that follow, the motion will be granted.

180s's motion is based on the fact that Polartec failed to produce approximately 250 pages of responsive documents relevant to damages calculations until April 27, 2009 – "almost a year after the close of document discovery, more than five months after the parties' summary judgment motions had been fully briefed, one month after the Court issued its decision on the summary judgment motions, and the night before the Court's April 28 pre-trial conference." (180s's Mem. in Support at 1.)  In its opposition Polartec admits the production was late, offers no explanation for the delay other than inadvertence, and suggests that permitting additional discovery is sufficient to mitigate any prejudice to 180s.

Under Fed.R.Civ.P. 37(c)(1), when a party has failed to timely disclose evidence, the court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless".  *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003). Factors to consider include: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.  See also*

*Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc.* 534 F.Supp.2d 616, 624-25 (D. Md. 2008).  These factors are considered below.

Clearly the evidence was a "surprise" to 180s, arriving without explanation on the eve of pretrial and/or settlement preparation.  The surprise could be "cured", but only at the expense of additional deposition time and perhaps a renewed summary judgment motion.  On this issue, I have examined the late-disclosed documents.  While some are similar to those that have already been the subject of deposition testimony, others are different in format, and many have handwritten notes or amendments which would require explanation.  It is evident from the deposition excerpts included in Polartec's opposition that multiple questions may be asked about each individual document.  Some delay, expense, and disruption would be unavoidable if 180s had to prepare for the possible introduction of these documents at trial.

The importance of the documents is not clear.  On the one hand, Polartec says they would be useful at trial; on the other, Polartec says the documents merely support and clarify the book entries on which it has already relied to calculate its damages for summary judgment briefing.  If the documents are mere clarification, they are not necessary and the expense of properly explaining them at deposition is not warranted; if they would support a damages theory Polartec did not proffer proof of on summary judgment, as 180s suggests, then it would be particularly prejudicial to 180s to permit their consideration long after summary judgment motions were briefed and decided.  Finally, there is no explanation for the late disclosure, except to say that the documents were not found in the course of Polartec's search during the discovery period.

Accordingly, the motion to exclude will be granted. A separate Order follows.


| | |
|---|---|
|  March 31, 2010 |       /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |